CASE 71—AN INDICTMENT AGAINST L. R. PORTER FOR EMBEZZLEMENT
WAS DISMISSED AND THE COMMONWEALTH APPEALS.—MAY 29.

# Commonwealth v. Porter

APPEAL FROM WARREN CIRCUIT COURT.

INDICTMENT DISMISSED AND COMMONWEALTH APPEALS.   REVERSED.

STATUTES—REPEAL OF SPECIAL LAW PUNISHING CRIME—EMBEZZLE-
MENT.

Held:  1. Const., section 59, subsec. 4, prohibiting the Legislature
from passing local or special acts to regulate the punishment
of crimes, in conjunction with Kentucky Statutes, section 1202,
providing for the punishment of the offense of embezzlement
by any officer or agent of any bank, operated to repeal a bank
charter granted by special act of the Legislature prior to the
adoption of the Constitution, to the extent that it provided
for the punishment of the offense of embezzlement of the bank's
funds by any of its officers or agents.
2. As Kentucky Statutes, section 1202, provides for the punishment
of the offense of embezzlement by any officer or agent of any
bank, whether incorporated or unincorporated, a bank cashier
indicted for embezzlement can not complain that the statute,
in so far as it relates to the officers of institutions other than
banks, discriminates against the officers of incorporated in-
stitutions.

N. A. PORTER, COMMONWEALTH'S ATTORNEY AND THOMAS W.
THOMAS, COUNTY ATTORNEY, FOR APPELLANT.

## QUESTIONS DISCUSSED.

There being a comprehensive general law upon the subject,
a section of a charter of a bank, created by special act, denounc-
ing the crime of embezzlement and fixing a greater penalty
than the general law is not the "law of the land" within the
meaning of section 11 of the "Bill of Rights."

The expiration of a charter containing a provision fixing a
punishment for embezzlement does not prevent the punishment
of an offense committed while the charter was in force in view
of section 465 of Kentucky Statutes, and the further fact that

a general law was in force at time of commission of offense and was still in force at time of trial.

A special act denouncing the crime of embezzlement and fixing punishment therefor, stood repealed at the end of six years after the adoption of the present Constitution by reason of the schedule of same.

The enactment of chapter 36 of Kentucky Statutes, Act April 10, 1893, title, Crimes and Punishment, was intended to be a comprehensive revision of all statutory crimes, and superseded all special acts with reference thereto, and the enactment of section 1202 of said chapter specifically repealed all other laws on the same subject matter.

## AUTHORITIES CITED.

Constitution of 1891, sec. 59, subsec 4; Constitution of 1891, sec. 245; Constitution of 1891, sec. 61; Constitution of 1891, Schedule; Constitution of 1891, Bill of Rights, sec. 11. Kentucky chapter 36, Act of April 10, 1893, Title, Crimes and Punishments; Kentucky Statutes, chapter 36, sub-division 10, sec. 1202, (Embezzlement); Kentucky Statutes, sec. 465 (Repeal of laws and the effect of same); General Statutes of 1873, Art. 12, sec. 1 (Embezzlement); Revised Statutes (Stanton's, vol. 1, p. 390, chap. 28, art. 12, sec. 1, embezzlement); Charter of Warren Deposit Bank, Act of General Assembly, March 15, 1869. Section 7, Acts, 1871, vol. 2, p. 1, amending charter. Buchanan v. Commonwealth, 15 Ky. Law Rep., p. 738; McTigue v. Commonwealth, 17 Ky. Law Rep., p. 1418; Pierce v. Mason County, et al., 99 Ky. Rep. p. 365; Waddil v. Commonwealth, 84 Ky. Rep., p. 276; Commonwealth v. Duff, 87 Ky. Rep., p. 586; Budd v. State, Tennessee, 3 Hump., p. 483; Commonwealth v. Cain, 77 Ky. Rep., p. 525 (discussed).

LEWIS McQUOWN, FOR APPELLANT.

## POINTS AND AUTHORITIES.

1. Section 1202 Kentucky Statutes, created a different offense from that defined in section 7 of the charter of Warren Deposit Bank. State v. Alexander, 14 Rich., 247; Coghill v. State, 37 Ind., 111; Blackwell v. State, 45 Ark., 90; State v. Benjamin, 2 Oregon, 125; Pons v. State, 49 Miss., 1.

2. Section 7 of Charter Warren Deposit Bank was repealed by Act April 10, 1893, Chapter on Crimes and Punishments; Buchanan v. Commonwealth, 95 Ky., 334; United States v. Tynen, 78 U. S., 153; Campbell v. N. & C. Bridge Co., 23 Rep., 2060; Richardson v. Boske, 23 Rep., 1210.

3. If both statutes were in force at the time the offense was created, the State had the right to elect under which it would indict. Bishop v. Stat. Crimes, 164; 1 Bishop's Cr. 1, sec. 79.

4. Section 7 of the bank charter only punished what the general law of 1852 had made unlawful. Hence the remedies of the charter were merely cumulative. Rex v. Dickinson, 1 Saund., 135 (note 4); sec. 165, Bish. Stat. Crimes; Suth Stat. Com., 396, 399; Sedg. Con. & Stat. Law, sec 345; Sturgeon v. State, 1 Blackf., 39; Castle's Case Cro. Jac., 644; 1 Bl. Com., 90.

FAIRLEIGH, STRAUS & EAGLES AND SIMS & GRIDER, FOR APPELLEE.

L. R. Porter, appellee, was for many years cashier of the Warren Deposit Bank at Bowling Green. At the April term of the Warren circuit court, 1901, he was indicted for embezzling, as cashier, certain funds of the bank. The indictment itself aptly pleaded the charter of the bank by averring the date of the approval of the act of the Legislature incorporating it, viz., March 15, 1869.

This act of the Legislature contained the following provision:

"If any officer, agent or servant of said bank shall appropriate any of its funds to his own use, or shall wilfully fail to make correct entries, or knowingly make false ones, on the books, with intent to cheat or defraud the corporation, or any other person, or to conceal any improper appropriation of funds, the officer, agent or servant so offending shall be deemed guilty of felony, and shall, upon conviction thereof, be sentenced to confinement to the jail and penitentiary of this Commonwealth for a period of not less than one nor more than twenty years."

The act provided that the charter of the bank should expire thirty years after its organization. The bank was organized June 15, 1871, so that its charter expired June 15, 1901. At the January term, 1902, the defendant, appellee, filed a demurrer to the indictment which was sustained and the Commonwealth declining to re-submit the indictment to the grand jury, it was dismissed, and from that judgment the Commonwealth prosecutes this appeal.

The ground of the demurrer was, that if any offense was committed, as charged, it was a violation of the criminal provision of the charter, and the violated law having ceased to be in force by its own limitation, no prosecution can be maintained for an infraction of its provisions.

Commonwealth v. Porter.

1. We contend that embezzlement is purely a statutory crime. If there be no statute making it criminal, the conversion by one lawfully in possession of the personal property of another, is not a crime.

2. The alleged offense being against a statute which ceased by its own limitations to be in force before the accused put upon trial, the result is that the prosecution must fail.

3. There can be no possible force in the contention, by appellant that the special penal provision of the bank's charter, was void as unconstitutional. The statute was passed under the third Constitution of Kentucky, and was certainly not repugnant to that instrument. Such legislation was common, and of undoubted validity, up to the time of the adoption of the present Constitution.

4. But it is contended that this special penal clause of the charter was repealed by the enactment of the general statutes, and if not repealed in that way, then by the adoption of the present Constitution and laws passed in pursuance thereof.

(a) The rule is universal that a special or local law is not repealed by the enactment of a general one, unless in express language. In such case there can be no repeal by implication.

(b) It is quite clear, as above shown, that this special law was in force at the time of the adoption of the present Constitution. The Constitution itself provides that such laws shall remain in force as though the Constitution had not been adopted. See schedule to present Constitution.

5. If the court should hold that the penal clause of the charter was repealed by the present Constitution, then this prosecution must rest upon section 1202, of the Kentucky Statutes, which applies only to any "officer, agent, clerk or servant of any bank," and we contend that said section is unconstitutional as class or special legislation and is therefore void.

## CITATIONS OF AUTHORITIES.

Charter of the Warren Deposit Bank, Acts 1869, vol. 2, p. 355; Kentucky Statutes, sec. 1202; Commonwealth v. Cain, 14 Bush, 525-536-7; Speckert v. City of Louisville, 78 Ky., 287; Constitution, sec. 59, subsec. 4; Kentucky Statutes, sec. 465; Revised Statutes, sec. 23, chapter 21; Gen. Statutes, sec. 23, chap. 21; Conley v. Commonwealth, 98 Ky., 131; L. & N. R. R. Co. v. Williams, 20 R., 77; Constitution Schedule, Kentucky Statutes, p. 160; Wooten v. Commonwealth, 98 Ky., 468; Warmoth v. Com., 81 Ky., 133; Yeaton v. United States, 5 Cranch, 281; Com. v. Miller, 11 Pick., 350; Harting v. The People, 22 N. Y., 95; Com. v. Welch, 2 Dana, 231.

Commonwealth v. Porter.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

On the 5th of April, 1901, an indictment was returned against the appellee, L. R. Porter, by the grand jury of Warren county, charging that on or about the 1st day of February, 1899, whilst cashier of the Warren Deposit Bank, of Bowling Green, he feloniously embezzled and converted to his own use and the use of C. J. Porter and E. A. Porter the sum of $1,045 in money, which belonged to the bank, and which came into his hands as cashier thereof. The indictment charges that the Warren Deposit Bank was organized under an act of the General Assembly approved March 15, 1869, and amended March 13, 1871, on the 15th day of June, 1871, and was to run until the 15th of June, 1901, and that the charter was in full force and effect at the time of the alleged embezzlement. At the January term, 1902, the appellee, Porter, filed a general demurrer to the indictment, which was sustained, and the indictment dismissed, and defendant discharged from custody. From that judgment, the Commonwealth prosecutes this appeal.

The ground of the demurrer was that, if the offense charged was in fact committed, it was a violation of section 7 of the bank charter, which was in full force when the alleged embezzlement occurred, and when the indictment was returned by the grand jury, and was therefore exclusively punishable under section 7 of the charter, and not under the general statute against embezzlement by bank officers, found in section 1202 of the Kentucky Statutes; and, second, that when the case was called for trial and the demurrer interposed at the January term, 1902, of the Warren circuit court, the charter of the bank had expired by limitation, and section 7 was dead, and that there was no statute then in existence under which em-

bezzlement of funds of the Warren Deposit Bank by its cashier could be punished. The section of the bank charter referred to is as follows: "If any officer, agent, or servant of such bank shall appropriate any of the funds to his own use, or shall willfully fail to make correct entries, or knowingly make false ones, on the books with the intent to cheat or defraud the corporation or any person, or to conceal any improper appropriation of funds, the officer, agent or servant so offending shall be deemed guilty of a felony, and shall, upon conviction thereof, be sentenced to confinement in the jail and penitentiary for a period of not less than one nor more than twenty years." Section 1202 of the Kentucky Statutes reads as follows: "If any officer, agent, clerk or servant of any bank or corporation shall embezzle or fraudulently convert to his own use, or to the use of another, bullion, money, bank notes, or any effects or property belonging to such bank or corporation or other corporation or any person, which shall have come to his possession or been placed in his care or under his management as such officer, agent, clerk or servant, he and the person to whose use the same was fraudulently converted, if he assented thereto, shall be confined in the penitentiary not less than one nor more than ten years."

It is the contention for the Commonwealth that section 7 of the bank charter was repealed by the enactment by the General Assembly on the 10th of April, 1893, of section 1202 of the Kentucky Statutes, and that the indictment was drawn under the general law, and the offense is properly punishable thereunder. We fully concur in the contention of counsel for appellee that the law is well settled that, after the expiration or repeal of a statute, no penalty can be enforced or punishment inflicted for a viola-

tion thereof committed whilst it was in force. And it is also conceded that it is a general rule of construction that a local or special law is not repealed by the enactment of a general one covering the same subject, unless it expressly so declares, or it follows by necessary implication that the law-making department of the government so intended. By subsection 4 of section 59 of the Constitution, the General Assembly is expressly prohibited from passing local or special acts to regulate the punishment of crimes and misdemeanors, and the schedule provides: "The provisions of all laws which are inconsistent with this Constitution shall cease upon its adoption, except that all laws which are inconsistent with such provisions as require legislation to enforce them, shall remain in force until such legislation is had, but not longer than six years after the adoption of this Constitution, unless sooner amended or repealed by the General Assembly." In the case of Buchanan v. Com., 95 Ky., 334 (15 R., 738) (25 S. W., 265), it was said that: "The act of April 10, 1893, was intended to be a complete system of statutory law relating to crimes and punishments, and, as a consequence, to supersede or repeal all existing statutes on that subject. For, under the comprehensive title of 'crimes and punishments,' every offense mentioned in chapter 29 of the General Statutes, having the same title, as well as all others, provided against by special acts are considered and treated of in that act, which is formally divided into articles, relating to different classes of crimes, and subdivisions of each class." In the more recent cases of Richardson v. Boske (111 Ky., 893) (23 R., 1210) (64 S. W., 919), and Campbell Co. v. Newport & C. Bridge Co. (112 Ky., 659) (23 R., 2060) (66 S. W., 526), it was decided that numerous special laws relating to the fiscal affairs of Kenton and

Campbell counties were repealed by the adoption of the general law with reference thereto. When the case of Com. v. Cain, 77 Ky., 525, was decided, the Constitution did not prohibit special legislation like that embodied in the charter of the gas company and the Warren Deposit Bank, and, as a result, innumerable special laws were enacted, prescribing different penalties for the same offense when committed in different counties of the State. And the constitutional convention intended by the enactment of section 59 and the schedule of the Constitution to prohibit this character of legislation, and that they should be superseded by the adoption of general laws uniform in punishment and application throughout the Commonwealth. As was well said in McTigue v. Com. (14 R., 1418) (35 S. W., 121):"Within the spirit of the Constitution, if not within its very letter, the law must inflict like penalties for like offenses. . . . We may well denounce as a delusion the crowning boast of the Constitution that systematic uniformity in the administration of the law had been provided for with proximate perfection, if this monument of local inconsistencies shall continue to mar the symmetry of our statutes. . . . Even without legislation, all laws not consistent with its spirit, which are not in terms repealed or made consistent in the meantime, stand repealed at the expiration of six years after the adoption of the Constitution."

No reason can be suggested why embezzlement of the funds of the Warren Deposit Bank should be punished by confinement in the penitentiary from 1 to 20 years, when, if the same offense had been committed against any other bank, the punishment is limited by the General Statutes to 10 years.

Counsel for appellee suggest that section 1202 of the

Commonwealth v. Porter.

Kentucky Statutes is also obnoxious to the Constitution, as special legislation, for the reason that it punishes the crime of embezzlement when committed by the employe of a corporation, but makes no provision for the punishment of the same offense when committed by the servants of a private firm transacting the same character of business, —in other words, that the classification made by the statute is not of the business, but of the owners of the business. We are aware that in Barclay v. Breckinridge, 61 Ky., 374, it was held that a clerk of a private banker, who had converted to his own use money belonging to his employer, could not be convicted; that the statute applied only to the agents of a corporation. The language of the present statute, however, is materially different from the one considered by the court in that case. Section 1202 punishes the offense of embezzlement by a servant of any bank, whether incorporated or not; and, without passing upon the merits of the suggestion if made in a case which fairly presented the question, we are of the opinion that it has no application here, and that section 7 of the bank charter was repealed by the general act of 1893, and that the offense charged is covered by section 1202 of the Kentucky Statutes, and that the special judge erred in sustaining the general demurrer.

For reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.

Whole court sitting.

(June 3, 1902.)

Judge DuRelle dissents from so much of the opinion as holds that a self-executing constitutional provision prohibiting future special legislation operates, in conjunction

with the re-enactment of a general law, to repeal prior valid special legislation.

Petition for rehearing by appellee overruled.