## City of Louisville v. Vreeland.

(Decided October 25, 1910.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Special Legislation—Purpose of the Constitution—Uniform Laws for All Cities of the Same Class.—The purpose of the adoption of the Constitution of September 28, 1891, was to do away with all the special legislation as to the government of the cities of the State, and to have one uniform law for all cities of the same class.

2. Same.—The general laws passed pursuant to the Constitution are all the laws of the State governing municipalities. All previous special legislation as to this city or that. necessarily ceased when the general laws were passed.

3. Same—Cotemporaneous Construction.—Cotemporaneous construction by the city authorities cannot override a mandatory provision of the Constitution of the State, which is expressed in no uncertain language.

4. Code Provision—Submission of Agreed Case.—Section 637 of the Code, providing for the submission of an agreed case, provides that the parties may "state the question and the facts on which it depends." The parties may agree to the facts, but matters of law stated in the agreement are not binding on the court. The court must determine the law for itself.

CLAYTON B. BLAKEY for appellant.

KOHN, BAIRD, SLOSS & KOHN, J. C. DODD, and E. W. RAGSDALE for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

The Louisville Gas Company was incorporated by an act of the General Assembly approved March 16, 1888. Section 9 of the act provided as follows:

"In the month of January, 1888, and at the beginning of each mayoralty term thereafter, the mayor of the city of Louisville with the approval of the general council of said city, shall appoint a competent gas expert, who shall own no stock, and not be interested, directly or indirectly, in said company, as the city gas inspector, to serve until the beginning of the next succeeding mayoralty term, unless removed from office as hereinafter provided. Before entering into office, said city gas inspector shall give bond in the sum of five thousand dollars for the faithful performance of his duties, on which any one injured by the official act of said inspector may recover. Said inspector shall have his office in the city hall of said city, accessible to gas consumers and citizens, and shall be paid by said city a salary of three thousand dollars per annum, payable as provided by salary ordinance in like manner with the salaries of other officers and employes of said city. The office hours of said inspector shall be from 9 a. m. to 3 p. m. It shall be the duty of said inspector to examine into any alleged errors in the gas bills of consumers, private or public, when called upon by the consumer to do so, and to correct the same when erroneous; to examine into the monthly gas bills rendered against said city, and to correct the same; to make daily tests of the gas furnished by said company as to candle power and quality; to serve on said company written notice of any defect or failure in the power or quality of the gas, as provided by its charter, on each day on which said tests shall show such defect or failure; for any failure or neglect on the part of said inspector to perform faithfully the duties of his office, he may be removed by the mayor of said city with the approval of the general council."

By section 20 of the act it was provided as follows:

"This charter shall not be altered, amended or repealed without the concurrence of the general council of the city of Louisville and the board of directors of the Louisville gas company; provided, that this section shall not apply to section 14 of this act; and provided, that a

violation of any of the essential provisions of this charter shall cause a forfeiture thereof."

The charter does not expire by limitation until January 1, 1919. By section 156 of the Constitution adopted in 1891, it is provided that the cities of the state shall be divided into six classes and that the powers of each class shall be defined by general laws, so that all municipal corporations of the same class shall possess the same powers and be subject to the same restrictions. By section 160 it is provided that the officers of cities shall be elected by the qualified voters therein or appointed by the legal authorities, as the General Assembly may by general law provide. By section 166 all acts of incorporation of cities theretofore granted, and all amendments thereto, shall continue in force until the General Assembly shall provide by general law for the government of the cities, but not longer than four years after January 1, 1891. Pursuant to this provision of the Constitution the Legislature divided the cities of the state into six classes assigning Louisville to the first class; and passed a law for the government of cities of the first class. By this act it was provided among other things that all officers or agents of the city not therein required to be otherwise elected or appointed shall be elected or appointed "in such manner as may be prescribed by ordinance." (Ky. St. 2789.) The act also provides: "Except as otherwise herein provided, the general council may, by ordinance, prescribe the duties, define the term of office, and fix the compensation and the bond and time of election of all officers and agents of the city. (Section 2756, Ky. St.) The act did not provide for a gas inspector, and the city council by an ordinance approved April 7, 1908, provided for the appointment of a city gas inspector, and fixed his salary at $1,800 a year payable monthly. On November 16, 1909, John W. Vreeland was appointed by the mayor as city gas inspector for the term of four years. He accepted the appointment and this agreed case was filed by him and the city of Louisville to determine whether he was entitled to a salary of $3,000 a year, pursuant to the act of 1888 or $1,800 a year under the city ordinance. In the agreed case it was stipulated that the Legislature of Kentucky has not amended, repealed or changed the charter of the gas company; and it was also agreed that beginning with January, 1889, a city gas inspector had been regularly appointed under the legislative act and had been paid a

salary of $3,000 a year until January, 1908; that then John C. Struss was appointed with the agreement that he would serve for $1,800 a year and would not contest the validity of the ordinance thereafter passed by the general council; that the mayor in appointing Vreeland and the general council in confirming the appointment were of the opinion that the salary of the city gas inspector as fixed by the ordinance of April 7, 1908, was the legal salary attached to the office; but that Vreeland in accepting the appointment made no agreement save only as the law might imply one, in regard to what salary he should receive. The case being submitted to the circuit court on these facts it was held that Vreeland was entitled to a salary of $3,000 as the city gas inspector, and from this judgment the city appeals.

It is insisted for the city that section 9 of the charter of the Louisville Gas Company relates to a subject not expressed in the title, and is therefore invalid under the constitutional provision that an act must relate to only one subject, and that this must be expressed in the title. On the other hand, it is insisted for Vreeland that section 9 is germane to the subject expressed in the title as the city gas inspector's duties were confined to the enforcement of the provisions of the charter, and that the section was not therefore foreign to the title of the act. We do not find it necessary to pass on this question; for if this part of the act is no longer in force, it is unnecessary now to pass on its validity. It is insisted for Vreeland that the Legislature had no power to repeal section 9 under the 20th section of the charter, and as it has not directly attempted to do so it remains in force; also that the general council can pass no ordinance inconsistent with the laws of the state, and if the act is in force, the ordinance is void in so far as it changes the salary of the gas inspector.

The charter of a private corporation is a contract between it and the state, which the state unless it reserves the right to do so cannot alter to the prejudice of the corporation without its consent; but section 9 of the charter of the Louisville Gas Company does not fall within the rule. The concluding words of section 20 show what the first clause of the section refers to. The office of the gas inspector was created not for the benefit of the gas company but for the benefit of the city. He was an officer of the city and paid by it. One Legislature could not surrender to the gas company the power of the state

over its municipality and thus bind future Legislatures as to the government of this municipality. While section 9 is in form a part of the charter of the gas company, it is subject to amendment or repeal in the exercise by the state of its police power; for it really relates to the government of the city of Louisville creating a municipal office of the city, defining the duties and fixing the salary. (Chicago Life Insurance Co. v. Needles, 113 U. S. 580, 8 Cyc. 981, Cooley on Constitutional Limitations, 345-6.) It will be observed that by the act the gas inspector is to be appointed by the mayor of the city of Louisville, with the approval of the general council of the city; that he may be removed by the mayor with the approval of the council; and that he "shall be paid by said city a salary of three thousand dollars per annum, payable as provided by salary ordinance in like manner with the salaries of other officers and employes of said city." This shows conclusively that the Legislature in enacting the provision had in mind the city government as then constituted, and the salary ordinance pursuant thereto under which its other officers and employes were paid. There was no intention on the part of the Legislature to fasten thus upon the city an official beyond legislative control when a new city government was formulated.

When the people afterwards came to adopt a new constitution they provided in section 1 of the schedule that all laws in force at the time of the adoption of the constitution which were inconsistent with such provisions as required legislation to enforce them should remain in force until such legislation was had but not longer than six years after the adoption of the constitution. The Constitution required all the municipalities of the state to be governed by general laws. All the special acts governing any of the municipalities were repealed by the general laws adopted by the Legislature pursuant to the constitutional requirement for the government of the cities of the state. It was not necessary that section 9 of the charter of the Louisville Gas Company should be specifically repealed. The general laws passed pursuant to the Constitution are all the laws of the state governing municipalities. All previous special legislation as to this city or that, necessarily ceased when the general laws were passed. It is true that Louisville is now the only city of the first class but in time other cities may be added to this class; and it is the plain contemplation of

the Constitution that all the cities in any class shall be governed by one general law. There cannot be special laws in force as to the city of Louisville creating municipal officers and defining their salaries, which remain in force as to that city; for if this were true, the leading thought of the Constitution to secure uniformity in laws governing each class of cities would be entirely defeated. If the provision under consideration is in force as to the city of Louisville, then similar provisions as to other cities in the state are also in force, and the government of the cities will not be under the general laws passed by the General Assembly for that purpose, but under them and the existing special acts in force when the Constitution was adopted. The purpose of the adoption of the Constitution was to do away with all this mass of special legislation as to the government of the cities of the state, and to have one uniform law for all cities of the same class. It was not necessary that the General Assembly should repeal special acts relating to this city or that, creating this office or that and defining its duties; these acts all passed out as the necessary result of the new scheme which the Constitution provided for. It is true that repeals by implications are not favored, but this is not a case of implied repeal. It is a case of express repeal provided for by the Constitution itself. (Halzhauer v. Newport, 94 Ky. 402, Lexington v. Wilson, 97 Ky. 707, McInerney v. Huelefeld, 116 Ky. 228, Parsons v. Breed, 126 Ky. 759, Com. v. Porter, 113 Ky. 582.) No effect can be given the fact that since 1892 gas inspectors have been appointed for the city and have been paid $3,000 a year. Contemporaneous construction by the city authorities cannot override a mandatory provision of the Constitution of the State, which is expressed in no uncertain language, and has been several times construed by this court.

Section 637 of the Code providing for the submission of an agreed case provides that the parties may "state the question and the facts upon which it depends." The parties may agree on the facts; but matters of law stated in the agreement are not binding on the court. The court must determine the law for itself. (Detroit v. Beckman, 22 Am. Rep. 507, Graves v. Alsap, 1 Ariz. 274, Attorney General v. Rice, 64 Mich. 385.) Section 119 of the Code provides how a private statute may be pleaded, and in view of this provision, the stipulation that the charter of the gas company has not been repealed or

amended, must be taken as meaning that no special or private act to this effect has been enacted by the Legislature.

On the agreed facts we conclude that the ordinance of the city is valid; that Vreeland was appointed under it and is only entitled to the salary prescribed by it.

Judgment reversed and cause remanded for a judgment as above indicated.