## Madison County Fiscal Court v. McChord, Sheriff.

(Decided December 7, 1911.)

### Appeal from Madison Circuit Court.

Statutes—Conflict Between Special and General Acts.—Where a special act passed before the adoption of the present constitution gave the sheriff as compensation for collecting a railroad tax that must be treated as a part of the tax collected for county purposes, greater compensation than is allowed by the general law for collecting the county revenue, the special act although not expressly repealed was repealed by implication, and the sheriff is only entitled to receive the compensation authorized by the general law.

O. P. JACKSON for appellant.

JOHN C. CHENAULT for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This controversy came up between the Fiscal Court of Madison County and the sheriff of the county in respect to the commission that the sheriff was entitled to charge and receive for collecting a tax levied by the Fiscal

Court of Madison County for the purpose of creating a sinking fund to pay a railroad debt created by the county under authority of an act of the Legislature passed in 1890. The act made it the duty of the sheriff to collect any taxes levied under authority of the act, and also required that he execute a special bond for the faithful performance of the duties in the collection and disbursement of the taxes. And further provided that "the sheriff or other officer collecting said taxes shall receive the same compensation as are allowed by law for the time being for collecting State revenue." In other sections of the act it is provided that the sheriff shall pay to the commissioner appointed for that purpose all the taxes collected by him within seven months from the time the tax is levied, and subjects the sheriff to a high penalty for his failure to so collect and pay over the tax. As the general law allows the sheriff for collecting the State revenue ten per cent. on the first $5,000 and four per cent. on the residue, it is the contention of the sheriff that this railroad tax should be treated as a separate fund and that he should be allowed as commission for collecting it the per cent. named in the special act or 10 per cent. on the first $5,000 and 4 per cent. on the remainder. On the other hand, it is the contention of the Fiscal Court that this railroad tax is to be treated as a part of the revenue of the county, and that as the whole revenue of the county collected by the sheriff is to be treated as one fund the sheriff is only entitled to receive ten per cent. on the first $5,000 and four per cent. on the residue. In other words, if the sheriff is right, his commission for collecting this tax in 1910, which amounted to $7,038.25, would be ten per cent. on the first $5,000 and four per cent. on the residue, or, a total of $581.53. While if the contention of the Fiscal Court is correct he is only entitled to four per cent. for collecting this tax, or $281.35.

Section 1729 of the Kentucky Statutes fixing the compensation that the sheriff shall be entitled to for collecting the county revenue provides that:

"The sheriff, for collecting the county revenue, ten per cent. on the first five thousand dollars, and four per cent. upon the residue."

And it has been held in Montgomery County v. Chenault, 20 Ky. Law Rep., 704, Pendleton v. McMillan, 104 Ky., 816; Pence's Admr. v. Nelson County, 107 Ky., 67;

Little v. Strow, 112 Ky., 527, and Hall v. Ballard County, 140 Ky., 84, as well as in other cases, that all of the taxes levied by the Fiscal Court and collected, or that may be collected by the sheriff, for whatever purpose levied constitute one fund, and that in estimating the sheriff's commission for collecting these taxes, he is to be allowed commission on them as a single fund. But, it is insisted by counsel for the sheriff that as this railroad fund is to be collected at a different time from the remainder of the county taxes, and the sheriff is required to execute a special separate bond on account of it, and the act under which the tax is collected fixes the commission the sheriff shall receive, these provisions of the act take it out of the general rule referred to in the cases mentioned, and there is much force in this argument. But, all of these questions—except the one growing out of the fact that the act under which this tax is collected fixes the commission of the sheriff, were directly ruled in the cases cited. In the McMillan case a turnpike tax levied by the Fiscal Court was collected, in the Nelson County case a courthouse tax levied by the Fiscal Court was collected, in the Ballard County case a school tax levied by the Fiscal Court was collected, and in the Strow case a railroad tax levied by the Fiscal Court was collected. It will thus be seen that the court has extended the rule of treating all taxes levied by the Fiscal Court as one fund to almost every possible case that could come up. If, therefore, the right of the sheriff to the commission claimed by him cannot be sustained on the ground that the special act authorizing the levy and collection of this tax fixed his compensation at a sum different from that fixed by the general law, we are controlled by the ruling in the cases mentioned. In this view of the case, the only open question is, was so much of the special act as fixes the compensation repealed by the general law fixing the compensation of sheriffs for collecting the county revenue. That there is irreconcilable conflict between the special act and the general act must be conceded, because the special act as applied to the case before us gives to the sheriff ten per cent on the first five thousand dollars of the railroad tax and four per cent on the remainder, as that is the compensation fixed for the collection of State revenue by section 4168 of the Kentucky Statutes, while under section 1729, supra, he would only be allowed four per cent. commission for collecting this tax. That the Legislature has authority to change the compensation to

which officers are entitled, provided the change does not affect their compensation during the term for which they are elected, is too well settled to need even the citation of authority in support of it. Section 1749 of the Kentucky Statutes fixing the sheriff's commission for collecting county revenue became a law in 1893, many years before the present sheriff was elected to office, and of course if its provisions are applicable to this tax he is only entitled to the commission therein allowed, provided this section repeals the special act to the extent it is in conflict with it. In section one of the schedule to the Constitution, it is provided that:

"All laws of this Commonwealth in force at the time of the adoption of this constitution, not inconsistent therewith, shall remain in full force until altered or repealed by the General Assembly. * * * The provisions of all laws which are inconsistent with this Constitution shall cease upon its adoption, except that all laws which are inconsistent with such provisions as required legislation to enforce them shall remain in force until such legislation is had, but not longer than six years after the adoption of this Constitution, unless sooner amended or repealed by the General Assembly."

It was the dominant purpose of the Constitution, except where otherwise provided, to have the laws of the State uniform as far as it was practicable to make them so by general legislation; and this constitutional intent has frequently been applied anl upheld by this court in cases where there was conflict between special acts enacted prior to the adoption of the. Constitution and general legislation covering the same subject matter enacted after the adoption of the Constitution. In Joyce v. Jefferson County Fiscal Court, 106 Ky., 615, the question before the court was whether or not a general law passed in 1892 after the adoption of the constitution, providing that the county judge and eight justices should constitute the Fiscal Court of the county, repealed an act of 1888 placing the fiscal affairs of the county in the hands of commissioners; and, in an elaborate opinion it was held that it did. To the same effect is Richardson v. Boske, 111 Ky., 893; McInerny, Sheriff v. Huefeld, 116 Ky., 28; Campbell County v. Newport & Cincinnati Bridge Co., 112 Ky., 659. In Commonwealth v. Porter, 113 Ky., 575, the question before the court was, whether or not a bank officer guilty of embezzlement should or could be punished under a provision in the special act chartering the

bank, passed many years before the adoption of the present Constitution, or under the general law relating to embezzlement enacted after the constitution. The court held that the general law controlled.

We think the case before us presents a concrete example of special and general legislation that are in direct conflict with each other, and while recognizing the general rule of construction that a local or special act is not repealed by the enactment of a general one covering the same subject, unless it expressly so declares or it follows by necessary implication, that the law-making department of the government so intended, we are of the opinion that the general law relating to the compensation of the sheriff repealed by necessary implication the special act referred to. A case in point is City of Louisville v. Vreeland, 140 Ky., 400. In that case it appears from the opinion that the Louisville Gas Company was incorporated by an act of March, 1888. In one section of the act it was provided that the mayor of the city with the approval of the general council should appoint a gas inspector at a salary of three thousand dollars per year. This act continued in force without amendment until 1909, when Vreeland was appointed by the mayor as gas inspector for the term of four years. The charter of the city of Louisville does not expressly provide for the appointment of a gas inspector, but the city council under the general authority conferred by the charter enacted an ordinance in 1908 providing that the salary of gas inspector should be eighteen hundred dollars a year. For the purpose of having it determined whether Vreeland was entitled to a salary of three thousand dollars under the act of 1888 or eighteen hundred dollars a year under the ordinance, an agreed case was made up, and it was held that so much of the act of 1888 as was in conflict with the city ordinance enacted under authority of the charter was repealed. In the course of the opinion, the court said:

"The Consitution required all the municipalities in the State to be governtd by general laws. All the special acts governing any of the municipalities were repealed by the general law adopted by the Legislature pursuant to the constitutional requirement for the government of the cities of the State. It is not necessary that section 9 of the charter óf Louisville Gas Company should be specifically repealed. The general law passed pursuant to the constitutioh conferred all the laws of the State

governing municipalities. All previous special legislation as to this city necessarily ceased when the general laws were passed. * *. * If the provisions under consideration are in force as to the city of Louisville, then similar provisions as to other cities of the State are also in force, and the government of the cities will not be under general laws passed by the General Assembly for that purpose, but under them and the existing special acts in force when the constitution was adopted. The purpose of the adoption of the constitution was to do away with all this mass of special legislation as to the government of the cities of the State and to have one uniform law for all cities of the same class.

Another case directly in point is Alexander v. Owen County, 136 Ky., 420. In that case the sheriff claimed that under a special act passed before the adoption of the present constitution for the benefit of sheriffs of Owen County, he was entitled to seven per cent. commission in place of the ten per cent. on the first five thousand dollars and the four per cent. on the residue, allowed by the general law. In rejecting this contention, the court said:

"Section 106 of the Constitution requires that the fees for the county officers shall be regulated by law, and that means under sections 59, 60, Const., a general law applicable alike to every officer of the class. The special act applying to Owen County was repealed by the general law subsequently enacted regulating the fees of the sheriffs generally, as being utterly repugnant thereto. It is of the class of local tax statutes, special municipal acts, and that host of enabling and partial acts so rife under the former constitution as to have grown into an abuse, calling into being the convention to frame a new constitution, the dominant feature of which is uniformity, and equal benefits and burdens in the matter of government. The fiscal court was without lawful power to agree to a different rate than fixed by the statute."

Wherefore, the judgment of the lower court is reversed, with direction to enter a judgment in conformity with this opinion.