CASE 15—WARRANT—MARCH 28.

# McTigue v. Commonwealth.

APPEAL FROM LOGAN CIRCUIT COURT.

1. TITLE OF ACT.—In a local prohibition law it is not necessary that the jurisdiction conferred upon justices of the peace therein should be expressed in the title to the act, because the provisions for the enforcement of the law in the tribunals designated, is not foreign to but is naturally embraced in the subject-matter suggested in the title.

2. JUSTICE OF THE PEACE—JURISDICTION—REPEAL OF LOCAL LAWS BY NEW CONSTITUTION AND STATUTES IN CONFORMITY THERETO.—The jurisdiction of justices of the peace must now be "equal and uniform throughout the State," as required by section 142 of the Constitution, and the general law enacted in conformity to that constitutional requirement operates as a repeal of special acts conferring jurisdiction, the exercise of which is inconsistent with the general law, even if the constitutional provision requiring such uniformity did not of itself effect such repeal.

3. Section 61 of the Constitution merely stipulates that nothing in the provisions of that section is to interfere with any law relating to the sale or gift of spirituous, vinous, or malt liquors, but does not restrict the effect that is to be given to other sections of the Constitution or the general laws enacted or to be enacted in conformity thereto.

4. All laws not consistent with the Constitution, which are not in terms repealed or made consistent therewith, will stand repealed

without further legislation, at the expiration of six years from
the adoption thereof.

S. R. CREWDSON AND CHAS. RHEA FOR APPELLANT.

1. An attempt in a local act to confer special jurisdiction on justices
   of the peace of a county is an entirely different subject from "an
   act·to prohibit the sale of spirituous, vinous, or malt liquors in
   that county," and is, therefore, at variance with section 37 of the
   Constitution of 1850, which provides that "no law enacted by the
   General Assembly shall relate to more than one subject, and that
   shall be expressed in the title."   (O'Donahue v. Akin, 2 Duv., 478;.
   Hind v. Rice, 10 Bush, 528; Rushing v. Sebree, 12 Bush, 198;
   Jones v. Thompson, 394; Pennington v. Woolfolk, 79 Ky., 13.)
2. Section 142 of the present Constitution and section 1093 of the
   Kentucky Statutes, enacted in conformity thereto, providing for
   "equal and uniform jurisdiction" plainly operate as a repeal of
   all special laws conferring special jurisdiction on them in a par-
   ticular locality.   Section 61 of the Constitution is not inconsist-
   ent with this construction, as it merely means that nothing
   therein shall be considered as interfering with or repealing any
   law in force relating to the sale or gift of liquors; and does not
   mean to continue the special jurisdiction of justices of the peace
   to try such cases.

J. H. BOWDEN AND SAM BOOKER ON SAME SIDE.

1. The Constitution intended actual equality and uniformity, ex-
   pressed by a fixed limit in amount, as to the jurisdiction of jus-
   tices of the peace, and not a uniformity expressed by a mere
   word, with no fixed meaning.
2. The only effect of section 61 of the Constitution is to make it the
   duty of the General Assembly to pass a general local option law,
   and to declare that no existing law in force was thereby repealed;
   there is nothing therein inconsistent with the provisions of sec-
   tion 142, and the statute in conformity thereto, providing for
   equal and uniform jurisdiction of justices of the peace.

E. W. HINES ON SAME SIDE.

1. No legislation was required to carry into effect the provisions of
   section 142 of the Constitution, requiring the jurisdiction of jus-
   tices of the peace to be "equal and uniform throughout the
   State," as there was a general law in force regulating their juris-

diction, and the constitutional provision merely repealed the exceptions thereto, which were in local acts.

2. But if that be not true, the intention of the legislature in the enactment of section 1093 of the Kentucky Statutes was manifestly to repeal all such special jurisdictions in conformity to the mandate of section 142 of the Constitution.

3. The whole of section 61 of the Constitution considered together shows that it only means that so much of any existing law as prohibits the sale of liquors is not repealed thereby, leaving the jurisdiction in the trial of the same to be regulated by the general law.

CRADDOCK & SANDIDGE AND JOHN S. RHEA FOR APPELLEE.

1. No isolated section of the Constitution should be construed without reference to any other section, but the instrument should be considered and interpreted as a whole; and so considered it is perfectly manifest that it was the decided and fixed policy of the framers of that instrument to leave existing liquor laws untouched.

2. There is nothing in section 1093, of Kentucky Statutes, which undertakes to take away from justices of the peace any jurisdiction they may have then had. A statute can only be repealed by an express provision of a subsequent law, or by necessary implication; and a general statute without negative words will not be construed so as to repeal a previous statute which is special. (Com. v. Cain, 14 Bush, 533; Rounds v. Wayman, 81 Pa. St.; Thorp v. Adams, 6 Com. Pleas. Law Rep., 125; Nones v. Wellisch, 12 Bush, 364; McFarland v. State Bank, 4 Ark., 410; Com. v. Weller, 14 Bush, 218; Tyler v. E. & P. R. Co., 9 Bush, 514, 12 Bush, 233, 83 Ky., 658.)

W. S. TAYLOR ON SAME SIDE.

1. Section 142 of the Constitution relates only to the civil and penal jurisdiction given by general laws, and not to such as is given by special laws.

2. No general law repeals a special act, unless such an intention is clearly shown.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

By an act to prohibit the sale of spirituous, vinous or malt liquors in Logan county, adopted in March, 1886, and

amended in April, 1890, it was provided that prosecutions thereunder might be by warrant issued by any justice of the peace in and for that county, or police judge of any town therein, or by indictment in the Logan Circuit Court.

The penalty for the first violation of this law was a fine of not less than fifty dollars nor more than two hundred dollars, and for subsequent infractions thereof a fine of not less than one hundred dollars nor more than three hundred dollars, and confinement in the county jail not less than thirty nor more than ninety days. The appellant was convicted of selling malt liquors in violation of this law, under a warrant issued by and trial had before a justice of the peace, and fined one hundred dollars. On appeal to the circuit court he moved to dismiss the prosecution because the justice had no jurisdiction to try him. His motion was overruled, and from the judgment rendered against him, after trial in that court on the justice's warrant, he has appealed.

It is not contended by his counsel that the special law conferring the jurisdiction was in contravention of any law in existence, when the act was passed. Except the provision in the body of the act conferring jurisdiction on justices of the peace, it is suggested, is not expressed in the title, and this position is wholly untenable The provision for the enforcement of the law in the tribunals designated is not foreign to but is naturally embraced in the subject-matter suggested in the title.

It is admitted that there was no inhibition against such special legislation in the former Constitution, and that even the general law limiting the jurisdiction of justices to cases where the penalty could not exceed twenty dollars, contained the proviso "unless the jurisdiction thereof is specially conferred." (Section 2, article 20, chapter 28, General Statutes.)

The contention is, however, that the jurisdiction of justices must now be "equal and uniform throughout the State" (section 142, Constitution), and that the general law enacted in conformity to that constitutional requirement operates as a repeal of special acts conferring jurisdiction, the exercise of which is inconsistent with the general law And such is our opinion.

Section 142 of the Constitution, so far as it relates to this question, reads as follows: "The jurisdiction of justices of the peace shall be co-extensive with the county, and shall be equal and uniform throughout the State."

The general law on the subject, now section 1093, Kentucky Statutes (act of June 10, 1893), provides that "justices shall have jurisdiction, exclusive of circuit courts, in all penal cases, the punishment of which is limited to a fine not exceeding twenty dollars, and jurisdiction concurrent with circuit courts of all penal cases, the punishment of which is limited to a fine not exceeding one hundred dollars, or imprisonment not exceeding fifty days, or both."

If, therefore, effect be given the plain letter of the Constitution and the statute in conformity thereto, the jurisdiction of the courts in question must be found, and found only, in the general law on the subject.

It may not be that the constitutional provision requiring uniformity of jurisdiction did of itself effect a repeal of the various acts conferring these special and irregular jurisdictional powers, but certainly when the legislature came to revise and amend the statutory laws on the subject-matter now involved, to the end that they should "conform to and effectuate the Constitution," as was enjoined in section 245 of that instrument, there can be no doubt of the effect of such revision and amendment on all laws inconsistent therewith.

McTigue v. Commonwealth.

Laws conferring jurisdiction—not equal and uniform—on justices of the peace are certainly not consistent with the demands of the Constitution, and at most can remain in force only until legislation expressly prescribing uniformity and equality shall be enacted.   Here such a statute has been enacted, and it was impossible to have made the jurisdiction in question "equal and uniform throughout the State," and at the same time retain on the statute books the special and varying laws on the subject.

If some of these special prohibitory laws confer exclusive jurisdiction on justices of the peace the result will not be, as feared by the attorney for the State, that offenders will go untried, but rather it would seem that the courts of general jurisdiction created by the very act which withdraws jurisdiction from the special tribunal may be found sufficient to afford the remedy.

It is said, however, that section 61 of the Constitution expressly continues in force the prohibitory laws then in existence.   That section provides as follows: "The General Assembly shall, by general law, provide a means whereby the sense of the people of any county, city, town, district or precinct may be taken as to whether or not spirituous, vinous or malt liquors shall be sold, bartered or loaned therein, or the sale thereof regulated; but nothing herein shall be construed to interfere with or to repeal any law in force relating to the sale or gift of such liquors.   All elections on this question may be held on a day other than the regular election days."

Here, it will be seen, is found nothing more than a provision against a possible misconstruction of the intent of the framers of the Constitution in directing a general law to be enacted by a succeeding legislature.   Strictly speaking, no law is here continued in force; but, so far as this section—

this provision that the General Assembly shall hereafter provide a general law—is concerned, it shall not of itself operate to repeal the special laws on the subject of the sale of spirituous, vinous and malt liquors.

Infused with the hope that for all special laws general ones were to be substituted under the better system about to be provided, the framers of the Constitution yet did not intend at once to interfere with the various prohibitory enactments throughout the State by the bare adoption of a section demanding the enactment of a general law.

But that such general law was to take the place of all special ones we can not doubt. Each designated locality, under the requirements of this section, was to be given the right of regulating the traffic in question under a consistent and uniform law. If the sale was prohibited it was to be because of this law, and no other; and penalties for selling were to be imposed in virtue of its provisions, and no other. They would, therefore, be uniform throughout the State.

Within the spirit of the Constitution, if not within its very letter, the law must inflict like penalties for like offenses; and surely there must come a time when the penalty for selling liquor in one locality may not be by a small fine only, and in another the same offense be punished by a fine of hundreds of dollars, and an imprisonment of many months in the county jail.

We may well denounce as a delusion the crowning boast of the Constitution—that systematic uniformity in the administration of the laws has been provided for with approximate perfection—if these monuments of local inconsistencies shall continue to mar the symmetry of our statutes.

While the general law, known as the local option law, seems to come short of effecting the intention of the framers of the organic law on the subject of uniformity, in that in

localities where the vote is against the sale, the penalties theretofore denounced by specal prohibitory laws are still to be inflicted, yet we may note that even without further legislation all laws non-consistent with the Constitution, and we believe not consistent with its spirit, which are not in terms repealed or made consistent in the meantime, stand repealed at the expiration of six years after the adoption of the Constitution.

However, the effect of the adoption of the general law providing for taking the sense of the people on the subject indicated need not now be determined. The question was not raised in the court below, and is not discussed by counsel here.

It is sufficient to say, for the purposes of this case, that section 61, prescribing its own construction or providing against its misconstruction, and declaring that it, of itself, is not to interfere with any law relating to the sale or gift of such liquors, does not determine what effect is to be given other sections of the Constitution, or other general laws enacted or to be enacted by the General Assembly; and certainly does not keep alive extraordinary features of special laws conferring unusual jurisdiction on inferior tribunals in violation of the plain letter of the Constitution, and the general laws providing for the required uniformity.

General laws may not affect the repeal of special ones under the circumstances considered in Commonwealth v. Cain, 14 Bush, 533, and other cases relied on by the appellee, because "both laws may be upheld and construed as forming one consistent whole;" but it would be a strikingly "inconsistent whole" if the equal and uniform jurisdiction of justices of the peace demanded by the organic law is to be unequal and varying in all the magisterial precincts affected by these very numerous local acts.

This construction in nowise impairs the efficiency of the law, for, as we have seen, the courts of general jurisdiction may afford whatever relief the State shows herself entitled to.

Reversed, with directions to dismiss the prosecution.