## James, et al. v. Walker.

(Decided December 7, 1910.)

### Appeal from Franklin Circuit Court.

1. State Militia—Captain—Compensation Same as Paid to Captain of U. S. Army.—In a matter of compensation to a captain of the State militia, the only compensation provided by the statute for active service with troops, also in active service under order of the governor, is, that he shall recover the same per diem paid to a captain of the United States Army.

2. Same.—In thus adopting a salary scale, the Legislature did not divest itself of any power it possesses; on the contrary, it acted in pursuance of the authority given it by section 221 of the Constitution, which provides that "organization, equipment and discipline of the militia shall conform as nearly as practicable to the regulations of the government of the armies of the United States."

JAMES BREATHITT, Attorney General, and CHARLES H. MORRIS for appellant.

ERNEST WOODWARD, M. L. HEAVRIN and J. W. BOSTON for appellee.

OPINION. OF THE COURT BY JUDGE SETTLE—Affirming.

Appellee, Ed C. Walker, brought this action in the court below to compel by mandamus the Governor and Adjutant General to certify and the Auditor of Public Accounts to allow and pay him $206.19 for active military service performed by him as captain in the Third Regiment, Kentucky State Guard.

Appellants filed a general demurrer to the petition, which the circuit court overruled. Upon their refusal to plead further, judgment was entered granting appellee the relief prayed, and from that judgment this appeal is prosecuted.

It was averred in the petition as amended, that appellee is, and has been since June 1st, 1905, a captain in the Third Infantry Regiment, Kentucky State Guard; that from June 12th, 1908, down to and including October 16th, 1908, he was engaged in active military service in the State, with troops also in active service, under order of the Governor, and that for the service thus rendered, he was entitled to receive $6.67 per day, but was allowed and paid by the Auditor only $5.00 per day; it being claimed by the latter that he was only entitled to that compensation.

Appellee's claim to the additional compensation of $1.67 per day rests on the ground that section 2705, Kentucky Statutes, fixes his compensation for the period embracing the service he rendered as captain in the State Guard, at the same amount paid per day by the Government of the United States to a captain in the regular army, which was and is $6.67 per day, or $2,400.00 per year.

It is admitted by appellee that prior to May 11th, 1908, a captain in the regular army of the United States was paid $5.00 per day, or $1,825.00 per year, but that by an act of Congress which went into effect on that date, the pay of a captain in the regular army then became and has since been $2,400.00 a year, or $6.67 per day. It is also admitted by appellee that as he became a captain in the Kentucky State Guard prior to May 11th, 1908, if the active military service rendered by him had been performed prior to that date he would have been entitled to receive therefor only $5.00 per day, but claimed that as the active military service was performed after that date, he should have been paid therefor $6.67 per day instead of $5.00 per day receiv-

ed by him; and that the difference between what he received and what he was entitled to receive for the active military service rendered by him is $206.19, the amount claimed in the petition.

So much of section 2705, Kentucky Statutes, as will be found applicable to this case, reads as follows:

"Other officers and men of the State Guard, when employed in active service, except as hereinafter provided, shall receive pay as follows: Colonels, three dollars; lieutenant colonels, two dollars and seventy-five cents; majors, two dollars and fifty cents; captains, two dollars and twenty-five cents; first lieutenants, two dollars; second lieutenants, two dollars; sergeants of and above the grade of first, two dollars; other sergeants and corporals, one dollars and seventy-five cents; and privates, one dollar and fifty cents a day, the same to be paid out of the Treasury on warrant of the Auditor of Public Accounts, upon company or individual pay rolls as necessity may require, accompanied by copies or certificates of the orders bearing on the case, certified by the Adjutant General and approved by the Governor by his own signature; Provided, that the above mentioned commissioned officers, when employed in active service with troops also in active service under order of the Governor, shall receive the same pay per day as officers of corresponding grades of the United States Army, the same to be paid in the same way as hereinbefore provided with reference to the pay of officers and enlisted men."

It is contended by counsel for appellants that appellee is a public officer and that the statute, supra, provides for an increase in his salary during the term for which he was commissioned, for which alleged reason it is violative of section 235, State Constitution, which declares: "The salaries of public officers shall not be changed during the terms for which they are elected * * *"; and equally violative of section 60 of that instrument which provides: "No law * * * shall be enacted to take effect upon the approval of any other authority than the General Assembly, unless otherwise expressly provided in this Constitution."

We are not prepared to controvert the contention of appellant's counsel that appellee is an officer in the meaning of the Constitution, but it is our opinion that the statute, supra, does not provide for a change of salary or compensation as applicable to such service

as he claims to have performed. Indeed, there is no provision of the statute on the subject of the militia entitling an officer of the State Guard, such as appellee, to salary or compensation as such. The section, supra, only provides compensation for two kinds of service in which a captain, such as appellee, may be employed, viz: "Active service," and "active service with troops also under active service under order of the Governor."

The matter of compensation, therefore, is to be regulated by the character of service performed. If a captain be employed in active service, but not in connection with "troops also in active service under order of the Governor," his compensation is limited by the statute to $2.25 per day, but if "employed in active service with troops also in active service, under order of the Governor," he shall "receive the same pay per day" as an officer of "corresponding grade of the United States army."

It will be seen that the only compensation provided by the statute for the "active service" with troops also in "active service under order of the Governor," such as appellee alleges he performed, is that he shall receive the same pay per day received by a captain of the United States Army. If it had been the purpose of the Legislature to confine the compensation of appellee and other commissioned officers of the State Guard for such service as he claims to have performed, at what officers of similar grade in the army of the United States were receiving at the time the statute was enacted or went into effect, the act would have expressed what was then paid such officers of that army, or contained the words, "now receive" after the words "United States Army." The fact that neither of these things was done, is at least persuasive that the Legislative intent with respect to the compensation contemplated for the service required, should be such as was paid the officer of like grade in the regular army at the time such service was performed. The statute made no change of appellee's compensation during the term for which he was commissioned, therefore, we do not think it obnoxious to section 235 of the Constitution.

We are further of opinion that the statute is not in conflict with section 60 of the Constitution. The statute does not, in violation of that section, delegate to the Congress of the United States authority to fix the compensation of its militia officers. The right to com-

pensation was determined and conferred upon the military officers of the State by. the enactment of the statute, the amount of. the compensation is the same fixed by Congress for officers of like grade in the regular army. In. thus adopting a salary scale put in effect by an act of Congress, the Legislature did not divest itself of any power it possesses; on the contrary, it acted in pursuance of the authority given it by section 221 of the Constitution, which provides, "Organization, equipment and discipline of the militia shall conform as nearly as practicable to the regulations of the government of the armies, of the United States."

Is it wide of the mark to say that the Legislature in enacting the statute in question did but comply with the above constitutional requirement and conform to the regulations of the government of the armies of the United States, in the matter of compensating its militia officers? We think not.

Being of opinion that the circuit court did not err in overruling the demurrer to the petition, the judgment is affirmed. Whole court sitting.

JUDGE HOBSON dissenting.