In the Matter of Anthony ARRINGTON, Cynthia R. Arrington, Duane Arrington, Veniece D. Arrington, and Eudora Arrington, Appellants,

v.

Clyde A. ARRINGTON, Appellee.

No. 80CA0025.

Colorado Court of Appeals,
Div. I.

Oct. 9, 1980.

John B. Henley, Colorado Springs, for appellants.

Melat & Wheeler, Jeffrey R. Wheeler, Colorado Springs, for appellee.

KIRSHBAUM, Judge.

Anthony, Cynthia, Duane, Veniece, and Eudora Arrington, children of Clyde A. Arrington, appeal the trial court's order distributing proceeds from a wrongful death action. We affirm.

The children's mother was fatally injured in an automobile accident, and the father subsequently filed a wrongful death action pursuant to § 13–21–201(2), C.R.S.1973. That statute states in pertinent part as follows:

"If the action under this section is brought by the husband or wife of the deceased, the judgment obtained in said action shall be owned by such persons as are heirs at law of the deceased under the statutes of descent and distribution, and shall be divided among such heirs at law in the same manner as real estate is divided according to said statute of descent and distribution."

After recovering over $240,000 in that action, the father successfully petitioned the trial court here for permission to distribute such assets pursuant to § 15–11–102(1)(b), C.R.S.1973. That statute provides that if there are surviving issue of an intestate decedent, all of whom are also issue of the surviving spouse, the surviving spouse's intestate share shall be "the first twenty–five thousand dollars, plus one–half of the balance of the intestate estate...."

The children contend that § 13–21–201(2) requires application of the descent and dis-

tribution statute as it existed on March 29, 1951–the date upon which the wrongful death act became effective. The descent and distribution statute in effect then did not mandate distribution of an initial $25,000 to a surviving spouse. We disagree with this contention.

■ When a statute adopts precise provisions of another statute by specific reference, the adoption is considered to refer to the specific provisions contained in that other statute at the time of the adoption. Absent express legislative declaration to the contrary, subsequent amendments to the adopted statute will not affect the terms originally adopted. *School District No. 1 v. Hastings*, 122 Colo. 1, 220 P.2d 361 (1950). Conversely, when the adoptive statute refers to another statute by general terms, no such presumption of permanent reference is implied. *Layton School of Art & Design v. Wisconsin Employment Relations Commission*, 82 Wis.2d 324, 262 N.W.2d 218 (1978); *George Williams College v. Village of Williams Bay*, 242 Wis. 311, 7 N.W.2d 891 (1943).

■ Section 13–21–201(2) refers initially to "statutes" of descent and distribution. This is a general reference in that it does not specify one particular statute, either by date of enactment or by reference to a specific section. Furthermore, the General Assembly has itself provided that "[a] reference to any portion of a statute applies to all reenactments, revisions, or amendments thereof." Section 2–4–209, C.R.S.1973. Finally, nothing in either statute indicates that the General Assembly wished to freeze its ability to alter the means of distributing proceeds from wrongful death actions. To the contrary, the language used in § 13–21–201(2) indicates an intent to treat the award of proceeds from wrongful death actions in the same manner as the General Assembly from time to time might determine to be appropriate for distribution of all other assets in intestate proceedings. Hence, we conclude that the wrongful death statute does not refer to the descent and distribution statute in effect on March 28, 1951, but rather refers to the statute of descent and

distribution in effect at the time the wrongful death statute is applied.

Order affirmed.

COYTE and VAN CISE, JJ., concur.