Royce O. Griffin Securities Commissioner Division of Securities Department of Regulatory Agencies 1525 Sherman St., 2d Floor Denver, Co. 80203
Dear Mr. Griffin:
I am writing in response to your request for a formal legal opinion concerning your proposed amendment to the transactional exemption of C.R.S. 1973, 11-51-113(2)(o).
This section at present provides an exemption from Colorado registration for "any offer or sale of a security not constituting an intrastate offering." The amendment which you have submitted to the legislature would cause the section to read: "(o) Any offer or sale of a security not constituting an intrastate offering, provided that such offering is exempt from registration under the Securities Act of 1933 pursuant to a mandatory notice or filing with the Securities and Exchange Commission."
QUESTION PRESENTED AND CONCLUSION
Your inquiry raises the specific question:
Is this amendment an unlawful delegation of power under the Colorado Constitution?
 It is not unconstitutional for the Colorado Legislature to adopt federal law by reference into Colorado statutes. However, any changes in the federal law which occur after the Colorado statute is amended may not be incorporated into Colorado law through the present legislation. This would constitute an improper delegation of power.
ANALYSIS
If the statute is amended, the existence of a Colorado exemption from registration would depend upon taking the proper steps to claim a federal exemption and upon the validity of the federal exemption. You are concerned that this statutory amendment might, in effect, be an unconstitutional delegation to the Securities and Exchange Commission (SEC) of the authority to determine which non-intrastate offerings would be exempt from Colorado registration.
The proposed statute does not raise a delegation of authority issue. A delegation problem arises when the legislature grants to another body the authority to create law. Swisher v.Brown, 157 Colo. 378, 402 P.2d 621 (1975). The securities amendment is, instead, an incorporation by reference of parts of federal securities law. The Colorado Legislature can examine the relevant federal statutes, make a determination that those laws would serve the best interests of the citizens of Colorado, and vote to incorporate the existing federal scheme into Colorado law. Incorporation by reference is frequently used and can be achieved by either referring generally to another statute or citing it specifically. Of course, the Colorado legislature also has the authority to repeat the statute verbatim, but this is unnecessarily wordy. People v. Tenorio, 197 Colo. 137,590 P.2d 952 (1979); Sarvas v. Morrell, 122 Colo. 86,220 P.2d 367 (1950); Arrington v. Arrington, 618 P.2d 744
(Colo.App. 1980).
Tenorio dealt with a Colorado statute which made it a crime for any felon to possess a firearm; the statute allowed felony convictions from other states or from the federal system to trigger the applicability of the law.
The court rejected the argument that this was an unlawful delegation to another state or to the federal government of the authority to define one of the elements of a crime in Colorado. The court held that this reference to a federal conviction "is a legitimate and constitutional means of accomplishing the General Assembly's obvious purpose." Id. at 142.
Furthermore, the Colorado Constitution uses incorporation by reference in article X, section 19 in which the general assembly is authorized to enact state income tax laws which refer to provisions of federal tax laws.
Other states approve of references to federal statutes in state legislation. References to federal statutes merely designate "a definite source of information, or standard, for the ascertainment of a fact essential to the application of the law."Commonwealth v. Alderman, 275 Pa. 483, 119 A. 551, 553
(1923).
Federal tax law has been incorporated by reference into state legislation. Wallace v. Commissioner of Taxation,289 Minn. 220, 184 N.W.2d 588 (1971); First Federal Savings Loan Assoc. v. Connelly, 142 Conn. 483, 115 A.2d 455 (1955).Dawson v. Hamilton, 314 S.W.2d 532 (Ky.Ct.App. 1958) permitted an incorporation into state law of the Interstate Commerce Commission regulations. Brock v. Superior Court ofLos Angeles County, 9 Cal.2d 291, 71 P.2d 209 (1937) approved of a California statute which, in part, provided that a license issued pursuant to the National Agricultural Adjustment Act was a prerequisite to a California license.
The question may arise as to the effect on Colorado law of amendments to the existing federal statute and rules governing this exemption. There is no Colorado case on point.Arrington v. Arrington, supra, states the general rule which would apply to incorporation of a Colorado statute:
 When a statute adopts precise provisions of another statute by specific reference, the adoption is considered to refer to the specific provisions contained in that other statute at the time of the adoption. Absent express legislative declaration to the contrary, subsequent amendments to the adopted statute will not affect the terms originally adopted.
. . .
 Conversely, when the adoptive statute refers to another statute by general terms, no such presumption of permanent reference is implied.
618 P.2d at 745 (citations omitted).
The court reached this conclusion by relying in part on C.R.S. 1973, 2-4-209 which provides that "a reference to any portion of a statute applies to all reenactments, revisions, or amendments thereof."
Arrington deals with a state statute which incorporates by reference another Colorado statute. When the Colorado Legislature amends one of those statutes, it has within its power to consider and to amend the other as well.
Because the proposed securities amendment incorporates a federal scheme of regulation, it is not possible for the Colorado legislature to make a determination that the federal rules and regulations to be enacted in the future will serve the interests of Colorado. Thus it is my opinion that a court would rule that the Arrington holding does not apply when, as here, a federal statute is incorporated into a state statute.
Other state courts have uniformly held that, while incorporation by reference to existing federal statutes is permissible, it is unconstitutional to include a reference to future federal law.Wallace, supra; Connelly,supra. This is seen as an attempt by a state legislature to allow the federal government to create state law in the future and is therefore an unconstitutional delegation of authority. Brock, supra.
Thus, if the securities amendment is enacted, the Colorado exemption will incorporate the federal law in existence at the time the amendment is passed. Any changes in federal rules or regulations will not be automatically incorporated into state law. Wallace, supra; FloridaIndustrial Commission v. State, 155 Fla. 722, 21 So.2d 599
(1945).
SUMMARY
In conclusion, it is my opinion that it is not an unconstitutional delegation of authority to amend the statute to provide that a non-intrastate offering which is exempt from federal registration is also exempt from Colorado registration.
Very truly yours,
 DUANE WOODARD Attorney General
PUBLIC AGENCIES UNITED STATES SECURITIES STATUTES STATUTORY CONSTRUCTION
C.R.S. 1973, 11-51-113(2)(o) C.R.S. 1973, 2-4-209
Colo. Const. art. III
Colo. Const. art. V, § 1
REGULATORY AGENCIES, DEPT. Securities, Div. of
It is not an unconstitutional delegation of authority to enact a statute which provides that a non-intrastate securities offering which is exempt from federal registration is also exempt from the Colorado registration requirement.